Submitted on September 29; on respondent's motion to dismiss filed August 19, and appellant's response to respondent's motion to dismiss filed September 16, motion to dismiss as moot denied, reversed October 27, 2021

In the Matter of Z. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. S. G.,
*Appellant.*

Umatilla County Circuit Court
20JU06078; A175580

501 P3d 1135

Eva J. Temple, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Motion to dismiss as moot denied; reversed.

## PER CURIAM

Father appeals a judgment taking dependency jurisdiction under ORS 419B.100(1)(c) over his now three-year-old son, Z. The juvenile court took jurisdiction over Z based on its determination that Z could not reside safely with mother—something that is not contested on appeal—and that, because Z had not been living with father, "father needs the help of a child caring agency to establish a relationship with his child." Father asserts that the evidence is not sufficient to support the determination that dependency jurisdiction is warranted. In response, the Department of Human Services (DHS) has not addressed the merits of the court's ruling but, instead, asserts that this case has been mooted by the court's subsequent dismissal of jurisdiction. DHS separately filed a motion to dismiss on that ground.

As the proponent of the dismissal of this appeal on mootness grounds, DHS has the burden of persuading us that the matter is moot. *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018). Having considered father's arguments about the collateral consequences of the decision under review, we are not persuaded that resolution of the merits of the appeal will have no practical effect on father's rights. Accordingly, we deny the motion to dismiss.

As for the merits, we conclude that the juvenile court erred in determining on this record that dependency jurisdiction was warranted. It bears reiterating that dependency jurisdiction may not be exerted over a child simply because DHS, as a precautionary matter, would prefer to manage a child's transition from a demonstrably unsafe parent to the other parent. In such cases, as in all dependency cases, ORS 419B.100(1)(c) requires a demonstration that the child's condition or circumstances "created a risk of serious loss or injury to [the child] that was reasonably likely to be realized." *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 120, 312 P3d 608 (2019) (internal quotation marks omitted). To make that demonstration, the proponent of jurisdiction "must present evidence about both the severity of the harm and the likelihood that it will occur." *Id.* at 121. The record in this case is devoid of such evidence. That is, there is no evidence that would allow for a determination that placing Z

in his father's care without DHS's assistance in cultivating father's relationship with Z would put Z at risk of the type of serious loss or harm that allows for dependency jurisdiction. Much as was the case in *S. D. I.*, in which we held that dependency jurisdiction was not warranted based on DHS's concerns about transferring a child to her mother's care without the involvement of DHS, "the state provided no evidence that the harm to [the child] would be any greater than the customary distress that a child experiences when [they are] uprooted from [their] community and must form social bonds in a new place." *Id.* at 123. Under *S. D. I.*, the type of harm that ordinarily may result from the transition from one caregiver to another caregiver is not one that allows for the exercise of dependency jurisdiction.

Motion to dismiss as moot denied; reversed.